(18 Misc. Rep. 594.)

### HAUPT v. NEW YORK CENT. & H. R. R. CO.

(City Court of New York, General Term.   December 12, 1896.)

RAILROAD COMPANY—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

An action for personal injuries fails when it appears that if plaintiff, about to cross 'defendant's railroad track, had stopped at the danger point, with which he was familiar, and looked and listened, he must have learned of the approaching train in time to avoid the accident.

Appeal from trial term.

Action by Carl F. Haupt against the New York Central & Hudson River Railroad Company for personal injuries.   From a judgment ·dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

Benno Loewy, for appellant.

Frank Loomis, for respondent.

FITZSIMONS, J.   The plaintiff in this action was injured while attempting to drive across the tracks of the defendant at 134th street and 12th avenue, in the city of New York.   He was the driver of a beer wagon, and had, for six months prior to the accident, driven over these tracks at this point every morning.   He was familiar with the layout of the tracks, and what tracks were used by the trains running north and south.   The trains going north run on the easterly track; those running south on the westerly main track. Just east of the easterly main track is another track, called a "siding," upon which are stored cars.   On the morning of the accident, just north of 134th street some of the defendant's cars were standing, and these standing cars shut off the view of the plaintiff, so that he was not able to see along the south-bound track until he passed this obstruction.   Upon the morning in question the plaintiff stopped, looked, and listened before he reached any of the defendant's tracks, and, hearing nothing, proceeded on his course.   He looked south for north-bound trains, and continued so to do until just the instant before the front wheel of his wagon was struck by the south-bound train.   These are the facts, as far as we understand they were testified to in the plaintiff's behalf.   His complaint was dismissed by the trial justice; hence this appeal.

We think that the trial justice was right in dismissing the complaint.   In our opinion, the plaintiff's testimony clearly shows that he was guilty of negligence.   In fact, to his carelessness was due, solely, the accident in question.   The plaintiff, as above pointed out, was very familiar with the locality in question, and he was warned by his foreman to be careful when working in that locality, and he knew the dangerous condition of affairs at that point.   It was, therefore, his duty to stop, look, and listen, when he reached the place of danger.   The diagram in the appeal book, as well as the plaintiff's testimony, shows that, once he (plaintiff) personally passed the standing cars, then he had really reached the danger point. Did he then stop, look, and listen?   He did not.   He looked along

the up track, but continued driving along; and, when he looked along the down track, he was then too late, for at that instant he was struck by the train on that track. Had he minded the warning of his foreman, as well as obeyed the legal duty resting upon him to stop when he reached the danger point, which, in this instance, was just as soon as he had passed the cars standing on the east side, he must have seen the train approaching from the north. It was his duty to stop there, and his failure to do so was the cause of his collision with the train, and was negligence on his part. It was the duty of the trial justice, under the circumstances, to dismiss his complaint.

The judgment is hereby affirmed, with costs.

VAN WYCK, C. J., concurs.